In the Matter of MICHAEL L. MATAR (Admitted as MICHAEL L. WOLOSKY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 30, 1992

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent Michael L. Matar was admitted to the

practice of law in New York by the First Judicial Department on December 8, 1950 under the name Michael L. Wolosky. In 1952, he changed his surname to Matar. Until 1976, the respondent maintained an office for the practice of law within the First Department. In 1976, he moved to Israel where he currently resides.

On August 15, 1991, the respondent was served with a notice of statement of charges alleging that after he was named executor of his sister Ruth Hilton's estate in 1986, he removed all of the assets from joint accounts in the names of Hilton and the respondent to Israel. On July 10, 1989, the decedent's husband brought a proceeding for an order revoking letters testamentary previously issued to the respondent, issuing letters of administration *c. t. a.* to himself, and directing that all jointly held assets be immediately returned to the estate. On September 6, 1990, the Surrogate issued a decree and order, which, *inter alia,* revoked the letters testamentary previously issued to the respondent, issued letters of administration *c. t. a.* to the decedent's husband, declared all joint accounts between the deceased and other individuals, including the respondent, to be convenience accounts, and, therefore, assets of the estate, and ordered the respondent to return all assets which he had removed to the estate, in the sum of $209,987.76, plus interest, within 10 days from the date of service of a certified copy of the decree and order. Although the respondent filed a notice of appeal from the order and decree, the appeal was never perfected and was dismissed as abandoned.

The respondent failed or refused to restore the assets to the estate and was charged with disregarding a lawfully entered judgment of a court, in violation of Code of Professional Responsibility DR 7-106 (A); with engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5); and with engaging in conduct reflecting adversely on his fitness to practice law, in violation of DR 1-102 (A) (7). He was further charged with conversion of estate assets in violation of DR 1-102 (A) (4) and DR 1-102 (A) (7). The respondent failed to file an answer to the charges and further failed to appear before a Hearing Panel which convened on December 2, 1991 to hear testimony and receive evidence relating to the charges.

In a written report dated March 26, 1992, the Hearing Panel recommended that the respondent be disbarred, not only on the ground that he failed to answer or otherwise

contest the charges, which, pursuant to 22 NYCRR 605.12 (c) (4), deems the charges admitted; but also because of the evidence supporting the allegations. By petition dated April 2, 1992, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment. The respondent has failed to interpose any answer to the Committee's petition.

Since the respondent failed to appear before the Hearing Panel, failed to serve and file an answer, and failed to respond to any of the charges, the Hearing Panel properly deemed all of the charges admitted pursuant to 22 NYCRR 605.12 (c) (4). In addition, the evidence presented supports the Panel's finding that the respondent is guilty of the professional misconduct alleged. In view of the respondent's demonstrated misconduct in converting the funds belonging to his sister's estate and the indifference he has displayed to these proceedings, we accept the Panel's recommendation of disbarment *(Matter of Schmidt,* 145 AD2d 103).

Accordingly, the motion by the Departmental Disciplinary Committee to confirm the findings of fact and conclusions of law of the Hearing Panel should be granted, and it is ordered that the respondent be disbarred and his name stricken from the roll of attorneys and counselors-at-law.

SULLIVAN, J. P., MILONAS, ROSENBERGER, WALLACH and Ross, JJ., concur.

Application granted, the findings of fact, conclusions of law, and recommendation are confirmed, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 30, 1992.